Filed 10/10/24 Certified for Publication 11/8/24 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JULIAN RODRIGUEZ,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LAWRENCE EQUIPMENT, INC.,<br><br>    Defendant and Respondent. | B325261<br><br>(Los Angeles County<br>Super. Ct. No. BC605692) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Elihu M. Berle, Judge.  Affirmed.

Lavi & Ebrahimian, Joseph Lavi, and Jordan D. Bello, for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Jeffry A. Miller, Daniel R. Velladao, and Steven G. Gatley, for Defendant and Respondent.

————————————

## INTRODUCTION

Plaintiff and appellant Julian Rodriguez sued defendant and respondent Lawrence Equipment, Inc. (Lawrence) for wage-and-hour violations; he also sought civil penalties and wages pursuant to the Private Attorneys General Act of 2004 (Lab. Code, § 2698 et seq.)[1] (PAGA).  The trial court ordered arbitration of Rodriguez's wage and hour claims, and stayed Rodriguez's single PAGA cause of action.  The arbitrator then found in favor of Lawrence and against Rodriguez on the alleged wage and hour Labor Code violations.  After the trial court entered judgment on the arbitration award, Lawrence brought a motion for judgment on the pleadings asserting that the remaining PAGA cause of action was barred by issue preclusion since Rodriguez's standing as an aggrieved employee was predicated on the disproven wage and hour violations.  The trial court granted the motion and dismissed Rodriguez's case.  Rodriguez appeals, contending for the elements of issue preclusion have not been satisfied.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I.    Rodriguez's Employment

In April 1999, Rodriguez began working as an hourly machine operator for Lawrence, a manufacturer of flat bread machinery, and later became a computer numerical control operator.  In July 2014, Rodriguez executed an arbitration agreement with Lawrence.  The agreement required Rodriguez and Lawrence to submit any dispute related to Rodriguez's

---

[1]    All undesignated statutory references are to the Labor Code.

employment to binding arbitration. Lawrence terminated Rodriguez's employment in October 2015.

## II. Rodriguez's Lawsuit

In December 2015, Rodriguez filed a class action against Lawrence, alleging wage-and-hour violations. The operative first amended complaint (FAC) alleged that Lawrence committed the following Labor Code violations: (1) failed to pay wages for all hours worked at the minimum wage or agreed upon rate (§§ 1194, 1197); (2) failed to pay wages for all hours worked at the overtime rate of pay (§§ 510, 1194, 1198); (3) failed to pay wages to compensate for workdays and failed to provide adequate meal periods (§§ 226.7, 512); (4) failed to provide adequate rest breaks (§ 226.7); (5) provided inaccurate and incomplete wage statements (§ 226) (fifth cause of action);[2] and (6) failed to pay wages due at the time the employment ended (§§ 201, 202, 203) (sixth cause of action).[3] The FAC also asserted Lawrence

---

[2] As alleged in the FAC, the inaccuracies in the wage statements for the fifth cause of action were in part derivative of the first four causes of action alleging failure to account or compensate for all hours worked, overtime wages, or meal and rest period "premium wages." Rodriguez also averred that Lawrence "failed to accurately state the address of the legal entity that was the employer, failed to state the inclusive dates of the pay period, and failed to state the applicable hourly rates of pay and corresponding number of hours worked at each hourly rate."

[3] As alleged in the FAC, the focus of the section 201 and 202 violations was on the inadequacy, as opposed to untimeliness, of the final wages. Rodriguez alleged that upon "separation of employment," Lawrence failed to pay hourly employees "unpaid

3

engaged in unfair and unlawful business practices through its wage-and-hour violations (Bus. & Prof. Code, § 17200 et seq.).

In addition to the aforementioned claims, the FAC included an eighth cause of action for civil penalties and wages for Rodriguez and other aggrieved employees pursuant to PAGA. The PAGA claim was premised on Lawrence's alleged wage-and-hour violations of sections 201, 202, 203,[4] 226, 226.7, 510, 512, 1194, 1197, and 1198, i.e., the Labor Code violations alleged in the first six causes of action.

Lawrence moved to compel arbitration of Rodriguez's claims. The trial court granted Lawrence's motion, ordered Rodriguez to arbitrate his "non-PAGA claims" and stayed Rodriguez's PAGA claim, pending completion of the arbitration.[5]

---

wages at minimum wage, agreed rate, or applicable overtime rate and unpaid meal and rest period premiums." As such, the sixth cause of action was solely derivative of the first four causes of action. This interrelation is underscored in the FAC's prefatory language: "[b]ecause [Lawrence] failed to pay Plaintiff and other similarly situated employees all their earned wages (including unpaid hours worked at minimum wage, agreed rate or overtime and unpaid meal and rest period premium wages) during their employment or any time after their employment ended, Defendants failed to pay those employees timely after each employee's termination and/or resignation."

[4] Section 202 provides for the payment of wages within 72 hours when an employee resigns, as opposed to being terminated, and section 203 imposes penalties for an employer's failure to comply with sections 201 or 202.

[5] In October 2016, the court dismissed the class allegations after Rodriguez confirmed his inability to locate a substitute class representative.

## III.  The Arbitration Proceedings

At the two-day arbitration hearing in February 2018, Rodriguez argued that Lawrence violated the Labor Code and a wage order from the Industrial Welfare Commission[6] by failing to:  (1) pay Rodriguez for all regular and overtime hours worked; (2) provide legally compliant meal and rest breaks; (3) provide accurate and complete wage statements;[7] and (4) timely pay all

---

[6]     According to its official website, the Industrial Welfare Commission (IWC) "was established to regulate wages, hours and working conditions in California," though it is "currently not in operation."  Instead, "[t]he Division of Labor Standards Enforcement . . . continues to enforce the provisions of the wage orders."  (State of California Department of Industrial Relations website, "Industrial Welfare Commission (IWC)" <https://www.dir.ca.gov/iwc/iwc.html> [as of Sept. 17, 2024], archived at <https://perma.cc/LBZ4-7WC5>.)  Since the particular IWC wage order is not at issue on appeal, we do not discuss it.  Notably, Rodriguez did not allege violations of any IWC orders in the fifth and sixth causes of action, which are the focus of this appeal, in either his arbitration brief or in the FAC.

[7]     In his arbitration brief, Rodriguez ascribed the inaccurate wage statement violations under section 226 *solely* to Lawrence's "fail[ure] to credit Mr. Rodriguez for all of the hours worked [and as such] . . . his wage statements failed to accurately identify all hours worked, all net wages, and all gross wages."  Whereas the FAC referred to all nine categories of information required to be included in a wage statement under section 226, Rodriguez's arbitration brief omitted any specific reference to sections 226, subdivision (a)(6) through (8), which mandate, among other things, the inclusion of the "dates of the period for which the employee is paid" and "the name and address of the legal entity that is the employer."

earned and unpaid wages at the time of his termination.[8] These claims were based on three basic theories asserted by Rodriguez: (1) he arrived at work each day five minutes early as required by his employer and, as such, he should have been paid overtime for working "off the clock" each day; (2) he was entitled to additional compensation because Lawrence provided him a late meal break, which was scheduled beyond his fifth hour of work every day; and (3) he was entitled to additional compensation because on a daily basis, he was denied his second 10 minute rest break. Rodriguez's arbitration brief also maintained that Lawrence's alleged Labor Code violations constituted unfair and unlawful business practices.

In February 2018, the arbitrator issued an award in favor of Lawrence and against Rodriguez. While acknowledging that Rodriguez's complaint "alleged that he had not been provided with proper meal and rest periods . . . that he had not been provided with accurate wage statements . . . [and] had not been paid all earned and final wages," the arbitrator stated Rodriguez only presented evidence related to Lawrence's alleged nonpayment of hours worked and noncompliant meal and rest breaks. The arbitrator found that Rodriguez had "failed to sustain his burden of proof as to whether he was actually required . . . to be at his work site five minutes" early, and "[e]ven

---

[8] Rodriguez's allegations regarding the untimeliness in paying all earned and final wages as alleged in the arbitration brief were premised solely upon and derivative of the related allegations of Lawerence's failure to compensate Rodriguez for coming to work five minutes early and for Lawrence's failure to provide proper meal and rest breaks. As with the FAC, his theory was one of the overall inadequacies of, as opposed to any asserted untimeliness in providing, final wages.

if he had sustained his burden on this issue," his timesheets failed to show he was actually there before the work shift started. The arbitrator also found that Rodriguez "received a total of thirty minutes of rest breaks each day and a thirty minute meal break," and thus failed to sustain his burden that he was entitled to additional pay for any alleged failure to provide proper meal and rest breaks. The arbitration award stated that Rodriguez shall take nothing by way of his complaint.

In June 2018, the trial court entered an order confirming the arbitration award and denying Rodriguez's motion to vacate the award. The court entered judgment in Lawrence's favor and against Rodriguez as to the first through seventh causes of action.

Rodriguez appealed the judgment confirming the arbitration award. Another panel of this court affirmed the judgment in an unpublished opinion, *Rodriguez v. Lawrence Equipment, Inc.* (Feb. 26, 2020, B291180).

## IV. Motions for Judgment on the Pleadings

Following the issuance of the remittitur, Lawrence moved for judgment on the pleadings as to Rodriguez's PAGA claim. Lawrence argued in the motion that because the arbitrator found Rodriguez failed to prove any Labor Code violations, Rodriguez was precluded from pursuing his PAGA claim, standing for which was predicated on those Labor Code violations.

The trial court denied Lawrence's motion in May 2021. In August 2022, Lawrence renewed its motion for judgment on the pleadings, citing the United States Supreme Court's recently issued opinion in *Viking River Cruises, Inc. v. Moriana* (2022) 596

7

U.S. 639 (*Viking River*).[9]  Lawrence argued that *Viking River* barred Rodriguez from maintaining his PAGA claim because he lacked standing as his individual claims had been compelled to arbitration.

In September 2022, the trial court granted Lawrence's renewed motion, stating:  "This Court finds that Plaintiff cannot state a cause of action under PAGA because Plaintiff does not have standing as an aggrieved employee following the arbitrator's final ruling that Plaintiff failed to establish that he suffered any violations under the California Labor Code."  The order further stated, "[i]n accordance with *Viking River*, because Plaintiff lacks statutory standing to continue to maintain his representative (i.e., non-individual) claims in this Court, Plaintiff's representative PAGA claim is dismissed."

---

[9]      In *Viking River*, the United States Supreme Court held that the Federal Arbitration Act pre-empted an earlier ruling by the California Supreme Court in *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal. 4th 348, which had precluded the division of individual and non-individual claims through an agreement to arbitrate.  (*Viking River*, *supra,* 596 U.S. at p. 662.)  The *Viking River* court also posited that once a party's individual PAGA claims " 'ha[d] been committed to a separate proceeding[]' . . . [the party would] lack[] 'statutory standing' . . . to [maintain] her 'non-individual' [PAGA] claims separately in . . . court." (*Ibid*.)  However, a year after the *Viking River* decision, the California Supreme Court held that "where a plaintiff has filed a PAGA action comprised of individual and non-individual claims, an order compelling arbitration of individual claims does not strip the plaintiff of standing to litigate non-individual claims in court."  (*Adolph v. Uber Technologies, Inc.* (2023) 14 Cal. 5th 1104, 1123 (*Adolph*).)  Our Supreme Court explained that the representative PAGA claims may be stayed while the individual claims are arbitrated.  (*Id.* at p. 1124.)

8

The trial court entered a judgment of dismissal in October 2022. Rodriguez then filed a motion for a new trial to set aside the order granting Lawrence's renewed motion for judgment on the pleadings, which the trial court denied.

Rodriguez timely appealed.

## DISCUSSION

Rodriguez contends the trial court erred by entering judgment dismissing his PAGA claim because the arbitrator's award adjudicating his non-PAGA Labor Code causes of action had no preclusive effect on his PAGA claim. As we explain below, Rodriguez's PAGA standing as an aggrieved employee was predicated on the Labor Code violations he failed to prove in arbitration. The trial court thus properly found that the arbitration award and resulting judgment preclude Rodriguez from relitigating the Labor Code violations to prove standing to maintain the PAGA cause of action.

## I. Applicable Law

### a. *Standard of Review*

" ' "A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review." ' " (*Travelers Property Casualty Co. of America v. Engel Insulation, Inc.* (2018) 29 Cal.App.5th 830, 834.) "Thus, 'we are not bound by the determination of the trial court, but are required to render our independent judgment on whether a cause of action has been stated.' " (*Mendoza v. Continental Sales Co.* (2006) 140 Cal.App.4th 1395, 1401.) "All properly pleaded, material facts are deemed true, but not contentions, deductions, or conclusions of fact or law; judicially noticeable matters may be considered." (*Kapsimallis v. Allstate Ins. Co.* (2002) 104

9

Cal.App.4th 667, 672.) Judgment is properly "granted when the pleadings fail to state facts sufficient to constitute a cause of action. (Code Civ. Proc., § 430.10, subd. (e).)" (*Washington v. County of Contra Costa* (1995) 38 Cal.App.4th 890, 895.) We affirm where any one of the several grounds for the motion is well taken. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)

### b.    *Issue Preclusion*

Courts "have frequently used 'res judicata' as an umbrella term encompassing both claim preclusion and issue preclusion, which [have been] described as two separate 'aspects' of an overarching doctrine. [Citations.] Claim preclusion . . . acts to bar claims that were, or should have been, advanced in a previous suit involving the same parties. [Citation.] Issue preclusion, . . . historically called collateral estoppel, describes the bar on relitigating issues that were argued and decided in the first suit." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 823–824 (*DKN Holdings*).) We follow our Supreme Court in referring "to 'claim preclusion' rather than 'res judicata' [citation], and use 'issue preclusion' in place of 'direct or collateral estoppel.' " (*Samara v. Matar* (2018) 5 Cal.5th 322, 326 (*Samara*); see also *Grande v. Eisenhower Medical Center* (2022) 13 Cal.5th 313, 323; *DKN Holdings*, at p. 824.)

Issue preclusion "prevents 'relitigation of previously decided issues,' rather than causes of action as a whole. [Citation.] It applies only '(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party.' [Citation.]" (*Samara, supra,* 5 Cal.5th at p. 327.) The " 'fact that different forms of

10

relief are sought in the two lawsuits is irrelevant.' " (*Villacres v. ABM Industries Inc.* (2010) 189 Cal.App.4th 562, 576.) " ' "When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated," ' " and "[w]hether an issue was ' "necessarily decided . . . " has been interpreted to mean that the issue was not " 'entirely unnecessary' " to the judgment in the prior proceeding.' " (*Murphy v. Murphy* (2008) 164 Cal.App.4th 376, 400.) The proceedings and their objectives do not have to be similar for issue preclusion to apply. (*Villacres,* at p. 576.) Issue preclusion "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." (*Parklane Hosiery Co. v. Shore* (1979) 439 U.S. 322, 326.)

### c. *PAGA Standing Principles*

To provide context for our discussion below, we also explain PAGA's standing requirement. " 'The plain language of section 2699[, subdivision] (c) has only two requirements for PAGA standing.' " (*Nickson v. Shemran, Inc.* (2023) 90 Cal.App.5th 121, 134.) "First, the plaintiff must be an 'aggrieved employee,' which the statute defines as someone ' "who was employed by the alleged violator." ' [Citation.] Second, plaintiff must be a person ' "against whom one or more of the alleged violations [of the Labor Code] was committed." ' " (*Ibid.*) Thus, to have standing to maintain a PAGA cause of action, the employee plaintiff must be able to allege he personally suffered a Labor Code violation against the defendant employer.

11

## II. Issue Preclusion Bars Rodriguez from Establishing PAGA Standing

At issue on appeal is whether an arbitrator's previous adjudication of Labor Code violations in favor of Lawrence precludes Rodriguez from asserting a PAGA cause of action based on those same Labor Code violations.

### a. *We Adopt the Approach Taken in* Rocha v. U-Haul Co. of California

In *Rocha v. U-Haul Co. of California* (2023) 88 Cal.App.5th 65, 77 (*Rocha*), Division One of the Second District Court of Appeal addressed this very issue. The *Rocha* court considered whether an arbitrator's finding that the employer did not violate section 1102.5, rendered in the context of the employees' personal claims for damages, precluded those employees from alleging in a subsequent complaint that they had standing under PAGA to seek civil penalties based on the same purported violation. (*Rocha,* at pp. 76–78.) Applying general principles of issue preclusion, the appellate court held the employees could not rely on the employer's alleged section 1102.5 violation to establish PAGA standing. (*Rocha,* at p. 79.)

The *Rocha* court explained that the issue of whether the brothers are "aggrieved employees" based on the alleged section 1102.5 violation was "actually litigated in the arbitration, and was necessary to resolution of the claims in arbitration." (*Rocha, supra*, 88 Cal.App.5th at p. 79.) The arbitrator's finding was final and binding on the employees, who were parties to the arbitration. (*Ibid.*) The court concluded that "determining whether a plaintiff suffered a Labor Code violation is no different in the context of an individual Labor Code claim [for damages]

12

than it is in the context of determining an employee's standing to bring a PAGA claim. Therefore, in these two scenarios, the plaintiff ' "is in fact litigating the same right." ' " (*Id.* at p. 82.) The court explained that this "approach is necessary in order to avoid inconsistent adjudications as to whether a particular Labor Code violation occurred." (*Id.* at p. 78.)

The *Rocha* court expressly disagreed with *Gavriiloglou v. Prime Healthcare Management, Inc.* (2022) 83 Cal.App.5th 595 (*Gavriiloglou*), which Rodriguez cites in support of reversal. In *Gavriiloglou*, Division Two of the Fourth District concluded the arbitrator's finding that plaintiff had not suffered a Labor Code violation did not preclude that same plaintiff from qualifying as an "aggrieved employee" under the PAGA based on the same alleged Labor Code violations. (*Id.* at pp. 601–603.) Citing the Restatement Second of Judgments, Code of Civil Procedure section 1908, and several California cases about *claim* preclusion (not issue preclusion), the *Gavriiloglou* court stated there was a general rule that " 'a party appearing in successive actions . . . is not precluded where the capacities in which he participated are different.' " (*Gavriiloglou*, at p. 602, citing *Holman v. County of Santa Cruz* (1949) 91 Cal.App.2d 502, 513; *Meldrim v. Board of Supervisors* (1976) 57 Cal.App.3d 341, 346; *Travis Glass Co. v. Ibbetson* (1921) 186 Cal. 724, 729–730; Code Civ. Proc., § 1908, subd. (a)(2) [judgment is conclusive between the parties when " 'litigating … in the same capacity' "].) The *Gavriiloglou* court identified one exception to this rule: " ' "[w]here a party though appearing in two suits in different capacities is in fact litigating the same right, the judgment in one estops him in the other." [Citations.]' " (*Gavriiloglou,* at p. 603.)

13

Applying this purported same capacity rule, the *Gavriiloglou* court reasoned that "in the arbitration, Gavriiloglou was litigating her own individual right to damages for Labor Code violations, whereas in the present PAGA action, she is litigating the state's right to statutory penalties for Labor Code violations. It follows that the arbitrator's findings cannot have preclusive effect." (*Gavriiloglou, supra,* 83 Cal.App.5th at p. 603.) The *Gavriiloglou* court also stated the "same right" exception did not apply because " '[individual] employees do not own a personal claim for PAGA civil penalties [citation], and whatever personal claims [individual] employees might have for relief are not at stake.' " (*Ibid.*)

*Rocha* found *Gavriiloglou*'s reasoning unpersuasive because the supposed different capacity rule was not backed by any citation to relevant law. The *Rocha* court explained that none of the cases cited by *Gavriiloglou* in support of the same capacity rule "applied a broad rule that issue preclusion requires the precluded party to have been acting in the same capacity in both proceedings at issue—indeed, none of them even involves issue preclusion at all. Rather, these cases—and the cited Code of Civil Procedure section—on which *Gavriiloglou* relies all involve claim preclusion," which prevents relitigation of the same *cause of action* (not the same issue) in a second suit. (*Rocha, supra,* 88 Cal.App.5th at p. 80.)

*Rocha* held that even if there was a same capacity rule in the context of issue preclusion, the same right exception applied: "The same right is at issue in (1) the arbitrator's assessment of whether [the employer]'s treatment of [employees] on a particular occasion or occasions violated a particular Labor Code section (made in the context of adjudicating an individual [Labor] Code

14

claim) and (2) the court's assessment of whether that same conduct constituted a violation of that same Labor Code section (made in the context of a PAGA standing analysis). The two assessments depend on exactly the same law and exactly the same conduct. Regardless of the context in which this question is asked, the employer either violated the employee's rights or it did not; this determination 'derive[s] from readily ascertainable facts' that are the same in both contexts. [Citation.] Thus, differences in the capacity in which the [employees] are appearing in connection with these two assessments—as individuals seeking damages for harm suffered in one, and as proxies for the state seeking statutory penalties in the other—have no effect on either assessment, the conduct considered, or the applicable law." (*Rocha, supra,* 88 Cal.App.5th at pp. 81–82.)

We find persuasive *Rocha*'s analysis of issue preclusion and thus decline to follow *Gavriiloglou*. We also note that *Adolph, supra,* 14 Cal.5th 1104, supports our approach. In *Adolph*, the Supreme Court stated, "If the arbitrator determines that [a plaintiff] is not an aggrieved employee and the court confirms that determination and reduces it to a final judgment, the court would give effect to that finding, and [the plaintiff] could no longer prosecute his non-individual claims due to lack of standing." (*Id.* at p. 1124.) The clear implication of *Adolph*'s analysis is that arbitral findings have a preclusive effect on standing in a stayed PAGA claim.

### b. *The Elements of Issue Preclusion Have Been Satisfied*

In light of *Rocha* and *Adolph*, we address whether the elements of issue preclusion have been satisfied in the case at bar.

15

**Final Adjudication.** "[I]ssue preclusion requires a final adjudication of an issue." (*Parkford Owners for a Better Community v. Windeshausen* (2022) 81 Cal.App.5th 216, 227.) For purposes of issue preclusion, a final adjudication includes " 'any prior adjudication of an issue in another action that is determined to be *sufficiently firm to be accorded conclusive effect*.' " (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 688.) " '[T]hat the parties were fully heard, that the court supported its decision with a reasoned opinion, that the decision was subject to appeal or was in fact reviewed on appeal, are factors supporting the conclusion that the decision is final for the purpose of preclusion.' " (*Id.* at pp. 688–689.) " ' " 'Finality' in the context here relevant may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." ' " (*Id.* at p. 689.)

Here, Rodriguez's Labor Code wage-and-hour violations were arbitrated and the trial court entered judgment confirming the arbitration award. Rodriguez appealed the judgment, which was affirmed by another panel of this court in an unpublished opinion (*Rodriguez v. Lawrence Equipment, Inc., supra,* B291180). Based on the foregoing, we conclude there was a final adjudication of the wage and hour violations compelled to arbitration.

**Identical Issues.** " ' "The 'identical issue' requirement addresses whether 'identical factual allegations' are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same. [Citation.]" ' " (*Textron Inc. v. Travelers Casualty & Surety Co.* (2020) 45 Cal.App.5th 733, 747.) "An issue decided in a prior proceeding establishes [issue

16

preclusion] even if some factual matters or legal theories that could have been presented with respect to that issue were not presented." (*Bridgeford v. Pacific Health Corp.* (2012) 202 Cal.App.4th 1034, 1042.)

Whether Rodriguez is an "aggrieved employee" for the purposes of PAGA standing is based on Rodriguez's ability to allege Lawrence committed a Labor Code violation. As explained in *Rocha*, to the extent a plaintiff's PAGA standing is dependent on the same Labor Code violations that he has adjudicated in arbitration, the standing and the underlying violation are considered identical issues.

Here, Rodriguez does not dispute that most of his alleged Labor Code violations were adjudicated via arbitration. Rather, he contends that his "non-PAGA Labor Code section 226 and Labor Code section 201 claims [in the fifth and sixth causes of action] do not address identical conduct or contain the same elements as the PAGA Labor Code section[s] 226 and . . . 201 claims." Specifically, Rodriguez argues the issues were not identical because the fifth and sixth causes of action required him to prove additional elements like scienter and injury, whereas the PAGA cause of action merely required him to prove a violation of the statute, e.g. failure to include the pay period on the wage statement.

Nonetheless, that the non-PAGA claims have additional elements does not alter our analysis. It is sufficient that a single, dispositive element is identical and shared between different claims. (See *DKN Holdings*, *supra*, 61 Cal.4th at p. 824 [issue preclusion "prohibits the relitigation of issues argued and decided . . . *even if the second suit raises different causes of action*"], italics added.) Both PAGA and individual Labor Code

17

claims require a preliminary showing that a violation of the Labor Code occurred to succeed. The arbitration award conclusively established that there was no Labor Code violation.

Rodriguez also asserts that unlike the sixth cause of action for violation of section 226, the PAGA cause of action additionally sought to prove that the wage statements failed to contain statutorily-required information. Yet, our review of the record reveals otherwise. *Both* the fifth cause of action (non-PAGA) and the eighth cause of action for the PAGA violation expressly asserted that the wage statements did not contain the necessary information, i.e. the employer's legal address, inclusive dates for the pay period, hourly rates, and number of hours worked at the rates. Likewise, both the sixth cause of action (non-PAGA) and the eighth cause of action for violation of PAGA alleged Lawrence violated section 201 by not timely paying employees after each employee's termination or resignation. Based on the foregoing, we conclude the issue of Rodriguez's PAGA standing was identical to the Labor Code violation causes of action ordered into arbitration.

**Actually Litigated and Necessarily Decided.** " 'An issue is actually litigated [for purposes of issue preclusion] "[w]hen [it] is *properly raised*, by the pleadings or otherwise, and is submitted for determination, and is *determined . . . .*" ' " (*Ayala v. Dawson* (2017) 13 Cal.App.5th 1319, 1330.) "Courts have understood the ' "necessarily decided" ' prong to 'require[ ] only that the issue not have been "entirely unnecessary" to the judgment in the initial proceeding.' " (*Samara, supra,* 5 Cal.5th at p. 327.)

"[A]rbitrating parties are obliged . . . to place before their arbitrator all matters within the scope of the arbitration, related

18

to the subject matter, and relevant to the issues . . . ." (*Thibodeau v. Crum* (1992) 4 Cal.App.4th 749, 755 (*Thibodeau*) citing *Straus v. North Hollywood Hosp., Inc.* (1957) 150 Cal.App.2d 306, 310 [presumption that, when parties submit dispute to arbitration, they intend all matters in dispute to be decided].) "A party cannot by negligence or design withhold issues and litigate them in consecutive actions." (*Thibodeau*, at p. 755). "Case after case has held that an issue can be actually litigated, notwithstanding one party's failure to contest it." (*People v. Bratton* (2023) 95 Cal.App.5th 1100, 1120; *Murray v. Alaska Airlines, Inc.* (2010) 50 Cal.4th 860, 869 [" '[i]t is the *opportunity to litigate* that is important . . . not whether the litigant availed himself or herself of the opportunity.' "].) As such, " ' "[a] determination may be based on a *failure of . . . proof.*" ' " (*Bratton*, at p. 1120; *Murray*, at p. 872.)

Here, Rodriguez was obliged to submit his section 226 and 201 allegations, as alleged in the fifth and sixth causes of action, to the arbitrator. As mentioned in our discussion of identical issues, the fifth and sixth causes of action echoed the PAGA cause of action's section 226 and 201 allegations. Furthermore, Rodriguez's arbitration briefing reflects that he actually argued these Labor Code violations at arbitration. In his arbitration brief, Rodriguez asserted that Lawrence violated section 226, subdivision (a), by failing to provide accurate and complete wage statements. His arbitration brief also contended that Lawrence violated section 201 by failing to timely pay all earned and final wages. In the arbitration award, the arbitrator acknowledged that these issues were within the scope of the arbitration, stating Rodriguez "alleged in his complaint that he had not been provided with accurate wage statements, [and] had not been paid

all earned and final wages and that respondent Lawrence Equipment had engaged in unfair business practices." These issues were thus raised and submitted for the arbitrator's decision.

Rodriguez argues the issues were not litigated or decided because the arbitrator never considered or made findings about his allegations that Lawrence failed to furnish accurate and complete wage statements in violation of section 226, subdivision (a), or that Lawrence did not pay final wages in violation of sections 226, subdivision (a), and 201. Yet, it "is presumed that all issues submitted for decision [by the arbitrator] have been passed on and resolved, and the burden of proving otherwise is upon the party challenging the award." (*Rodrigues v. Keller* (1980) 113 Cal.App.3d 838, 842.) In finding that Rodriguez "shall take nothing by way of his complaint," the arbitrator necessarily decided all of the wage and hour claims, including the sections 226, subdivision (a), and 201 claims. The arbitrator need not make an express finding of fact regarding each wage-and-hour claim because "arbitrators are not obliged to find facts or give reasons for their award [citation]." (*Rodrigues,* at p. 843.) A simple statement regarding the recovery amount the claimant was entitled to from the opposing party was sufficient to resolve all matters embraced by the arbitration. (*Id*. at pp. 842–843.)

We also note that Rodriguez presented no evidence at arbitration to support his sections 226, subdivision (a), and 201 contentions. The arbitration award observed: "The evidence presented at the arbitration hearing dealt solely with the issues of alleged non-payment for all hours worked and the allegation of legally non-compliant meal and rest breaks." In other words, Rodriguez *chose* not to present evidence on these claims at

20

arbitration and now seeks to justify litigation of these claims based on that choice. This is precisely the type of gamesmanship that issue preclusion aims to prevent. (See *Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 686–687 [The public policies behind issue preclusion include: " 'conserving judicial resources and promoting judicial economy by minimizing repetitive litigation, *preventing inconsistent judgments* which undermine the integrity of the judicial system, and *avoiding the harassment of parties through repeated litigation.*' "].) (Italics added.)

We therefore conclude all of Rodriguez's wage and hour violations, including those related to sections 226, subdivision (a), and 201, were actually litigated and necessarily decided in the arbitration proceedings.

**Asserted Against the Same Party.** " 'In accordance with due process, [issue preclusion] can be asserted only against a party to the first lawsuit, or one in privity with a party.' " (*Cal Sierra Development, Inc. v. George Reed, Inc.* (2017) 14 Cal.App.5th 663, 672.) "The bar is asserted against a party who had a full and fair opportunity to litigate the issue in the first case but lost." (*DKN Holdings, supra,* 61 Cal.4th at pp. 826–827.) It is undisputed here that Rodriguez was a party to and fully participated in the arbitration proceedings.

**Conclusion.** As all of the elements of issue preclusion are satisfied, Rodriguez is precluded from relitigating the Labor Code violations in an attempt to establish he is an aggrieved employee.

Rodriguez thus lacks standing to pursue the PAGA cause of action.[10]

## DISPOSITION

We affirm the October 3, 2022 judgment of dismissal. Defendant and respondent Lawrence Equipment, Inc. is awarded its costs on appeal.

BERSHON, J.[*]

We concur:

EDMON, P. J.

EGERTON, J.

---

[10] We do not address Rodriguez's argument that the trial court erred by granting judgment on the pleadings based on the U.S. Supreme Court's decision in *Viking River* because we affirm based on issue preclusion.

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JULIAN RODRIGUEZ,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LAWRENCE EQUIPMENT, INC.,<br><br>    Defendant and Respondent. | B325261<br><br>(Los Angeles County<br>Super. Ct. No. BC605692)<br><br>**Order Certifying Opinion for Publication**<br><br>[No change in judgment] |

THE COURT:

The opinion in the above-entitled matter filed on October 10, 2024, was not certified for publication in the Official Reports. For good cause it now appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The opinion is ordered published in the Official Reports.

_____

EDMON, P. J.            EGERTON, J.            BERSHON, J.*

_____

\*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.